# EXHIBIT 1

Michael A. Wellons
2329 N.W. 14th St.
Fort Lauderdale, Fla.
33311

**PLAINTIFF**

VS.

Medicredit Inc.
111 Corporate Office Dr.
Suite 200
Earth City, Mo 63045

**DEFENDANT**

IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA
CASE NO. 19-19198
JUDGE
DIV. 48

**SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE**

DATE: 8-18-19
HOUR: 11:11am
DEPUTY SHERIFF

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

Medicredit, Inc.,    c/o Registered Agent
111 Corporate Office Dr, Suite 200    CT Corporation System
Earth City, MO, 63045    1200 S, Pine Island Rd.
                         Plnt. Fla.
                         33324

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom 10165, located at 201, S.E. 6th Street, Fort Lauderdale, Fl 33301 on 09-03-19 at 10:30 AM for a **PRETRIAL CONFERENCE** before a Judge of this court.

**IMPORTANT – READ CAREFULLY**
**THE CASE WILL NOT BE TRIED AT THAT TIME.**
**DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

120-05 SUMMONS PRETRIAL

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.
**DATED** at _____ Florida, on _____ AUG 0 2 2019

Filed by: Michael A. Mullons
Address: 2329 NW 14th Str
Fort Laud., FLA 33311

BRENDA D. FORMAN
AS CLERK OF THE COURT

By _____ SHIRLEY TISDALE

A TRUE COPY
CIRCUIT/COUNTY
COURT SEAL

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, 201 S.E. 6th Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

| IN THE COUNTY COURT IN AND FOR BROWARD COUNTY FLORIDA | | | CLOCK IN 8-8-19 11:10am |
|---|---|---|---|
| DIVISION:<br>[X] CIVIL<br>[ ] OTHER | **STATEMENT OF CLAIM** | | DATE<br>HOUR:<br>DEPUTY SHERIFF |
| PLAINTIFF (S)<br>Michael A. Nellons | vs. | DEFENDANT (S)<br>Medicredit, Inc. | CASE NUMBER<br>19-19198 SP<br>DIV: |

The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for (As marked (x) below):

[ ] Goods, wares and merchandise sold by Plaintiff, to Defendant;
[ ] Work done and materials furnished by Plaintiff, to Defendant;
[ ] Money loaned by Plaintiff to Defendant;
[ ] Money due to Plaintiff upon accounts stated and agreed to between them;
[ ] On a written instrument, copy of which is attached hereto;
[ ] Rent for certain premises in Broward County, Florida, Viz;
[✓] Other (Explain)
[ ] Any additional facts in connection with any of the above:
(Use additional sheet if necessary)

Statutory violations of FCCPA 559.72 and FDCPA 1692g

Where Plaintiff demands judgment in the sum of $ 2,000.00 together with court costs which the court may assess. The Plaintiff, says the foregoing is a just and true statement of the amount owing by the Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.
Affiant states that the Defendant(s) is/are not in the military service of the United States.

SWORN AND SUBSCRIBED BEFORE ME this _____ day of AUG 0 2 2019 , 20 _____.

| PLAINTIFF OR ATTORNEY<br><br>MICHAEL A. NELLONS | BRENDA D. FORMAN,<br>CLERK OF COURTS<br>SHIRLEY TISDALE |
|---|---|
| ADDRESS OF PLAINTIFF/ATTORNEY<br>2329 NW 14th St<br>Fort Lauderdale, Fl 33311 | by: _____<br>DEPUTY CLERK   A TRUE COPY |
| | NOTARY PUBLIC   CIRCUIT/COUNTY COURT SEAL |
| PLAINTIFF/ATTORNEY TELEPHONE<br><br>( 305 ) 748-8332 | State of Florida<br><br>MY COMMISSION EXPIRES: |
| ATTORNEY BAR NUMBER: | |

FORM 633
REVISED 1/03                      SEARCH FEE : 698                      COPY FEE : 699

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY FLORIDA

MICHAEL A. NELLONS

    Plaintiff

v.

MEDICREDIT, INC.

    Defendant

_____ /

CASE NO: 19-19198

A TRUE COPY

## COMPLAINT

Plaintiff, **Michael A. Nellons**, sues Defendant, Medicredit, Inc., and for his complaint alleges:

### NATURE OF THE ACTION

1. This is a complaint for money damages.

2. Defendant has violated the Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. § 559.72(9) *et. seq.*

3. Defendant has violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et. Seq*

### PARTIES

4. Plaintiff Michael A. Nellons is a citizen of Broward County, Florida.

5. Upon information and belief, Defendant is a corporation authorized to do business in Florida with a registered agent in Florida who is: CT CORPORATION SYSTEM 1200

SOUTH PINE ISLAND ROAD PLANTATION, FL. 33324.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction to grant relief pursuant to Fla. Stat. § 34.01(1)(c), in that this is an action for damages less than $5,000.00 in accordance with Fla. Sm. Cl.R. 7.01(b) exclusive of interest, fees and costs.

7. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) concurrently over claims arising from the FDCPA.

8. Venue is proper in Broward County pursuant to Fla. Stat. § 47.011 and Fla. Stat. § 559.77 because the Plaintiff resides here, the Defendant transacts business here and the conduct complained of occurred here.

**FACTS**

9. On July 9, 2019, Michael A. Nellons received a message on his cell phone from Medicredit, Inc. attempting to collect a debt. The number was 800-823-2318.

10. On July 10, 2019, Michael A. Nellons contacted Medicredit, Inc. in regards to the alleged debt.

11. During that same call, Michael A. Nellons informed the agent that he no longer wanted phone calls made to his cell phone and he requested all future correspondence to be in writing via email or his mailing address. He wanted this information so that he could properly investigate and dispute the validity of the alleged debt.

12. On July 24, 2019, Michael A. Nellons realized that he had not received any written correspondence from Medicredit, Inc., which was well past the five days they were required to

send him since the initial communication and per his request.

13. On July 24, 2019, Michael A. Nellons called Medicredit, Inc. to discuss settling this matter, in an attempt to settle before taking this to litigation.

14. The agent was not willing to settle for their violations and suggested to eliminate the alleged debt. Michael A. Nellons informed the agent that the alleged debt is not in question, only their statutory violations are. Therefore, the Plaintiff filed this instant case.

## COUNT I

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 ( PART VI ) BY DEFENDANT

15. Plaintiff alleges and incorporates the information in paragraphs 1 through 14.

16. Plaintiff is a consumer within the meaning of § 559. 52(2).

17. Defendant is a debt collector within the meaning of § 559. 55(6).

18. Defendant violated § 559.72(9) by claim, attempt or threatening to enforce a debt when such a person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

**WHEREFORE,** based on facts set forth in the above counts, Plaintiff demands

(a) statutory damages of **$1,000.00**, payable by Defendant, pursuant to Fla. Stat. § 559.77(2); and

(b) fees and costs pursuant to Fla. Stat. § 559.77(2),

(c) such other relief as may be just.

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. § 1692g(a)(3)

19. Plaintiff re alleges and incorporates the allegations above as fully set forth herein.

20. Plaintiff is a consumer within the meaning of § 1692 a(3).

21. Defendant is a debt collector within the meaning of § 1692 a(6).

22. Defendant violated § 1692g(a)(3) by not supplying a statement within five days from the initial communication that would allow the consumer to dispute the validity of the alleged debt..

**WHERFORE**, based on facts set forth in the above counts, Plaintiff demands damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages of **$1,000.00** pursuant to 15 U.S.C. § 1692k(a)(2)(A) and costs
pursuant to 15 U.S.C. 1692 § 1692k(a)(3) and Fed. R. Civ. P. 54(d) and other relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury. Respectfully submitted,

_Michael A. Nellons_

August 2, 2019

Michael A. Nellons
2329 NW 14th St
Fort Lauderdale, Florida 33311
mnellons48@gmail.com
305-748-8332