# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

MICHAEL A. NELLONS,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.

Case No. 0:19-CV-62156-RS

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Medicredit, Inc. ("Medicredit" or "Defendant") respectfully states as follows for its Answer and Defenses to Plaintiff's Complaint (Doc. 1-1, the "Complaint").

## **ANSWER**

### **NATURE OF THE ACTION**

1. Defendant denies that Plaintiff is entitled to any money damages.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

### **PARTIES**

4. Defendant presently lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## JURISIDCTION

6. Defendant states that jurisdiction is proper in this United States District Court for the Southern District of Florida. Defendant denies that Plaintiff is entitled to any money damages.

7. Defendant states that jurisdiction is proper in this United States District Court for the Southern District of Florida. Defendant denies any remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant states that venue is proper in the United States District Court for the Southern District of Florida. Defendant denies any remaining allegations contained in Paragraph 8 of the Complaint.

## FACTS

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant admits that Plaintiff contacted it on July 10, 2019. Defendant denies any remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff requested all calls to his cell phone to cease, and Defendant affirmatively represents that no further calls were placed. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant admits that Plaintiff contacted it on July 24, 2019. Defendant denies any remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## ALLEGED CAUSES OF ACTION

### COUNT 1
### ALLEGED VIOLATIONS OF THE FCCPA

15.     Defendant incorporates each preceding paragraph of this Answer by reference as though set forth verbatim here.

16.     Defendant states that the allegations contained in Paragraph 16 of the Complaint call for a legal determination to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant states that the allegations contained in Paragraph 17 of the Complaint call for a legal determination to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

### COUNT 2
### ALLEGED VIOLATIONS OF THE FDCPA

19.     Defendant incorporates each preceding paragraph of this Answer by reference as though set forth verbatim here.

20.     Defendant states that the allegations contained in Paragraph 20 of the Complaint call for a legal determination to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant states that the allegations contained in Paragraph 21 of the Complaint call for a legal determination to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Any allegations that have not been specifically admitted are hereby denied.

WHEREFORE, Medicredit, Inc. respectfully requests that the Court enter judgment in its favor and against the Plaintiff, that the Plaintiff take nothing by way of his Complaint, that the Court award to Medicredit, Inc. its costs incurred in respect of this action, and that the Court enter such other or additional relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

Now, having fully answered the allegations of the Complaint, Defendant respectfully states as follows for its Affirmative Defenses.

A. The Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support.

B. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands based on the behaviors of Plaintiff with regard to the conduct complained of.

C. Defendant states that Plaintiff has sustained no actual damages, and, therefore, Plaintiff lacks Article III standing to pursue the claims asserted. Alternatively, Defendant asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate his damages, if any.

D. Defendant asserts that any and all failures to comply with the requirements of the FDCPA or FCCPA, which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA and FCCPA Defendant is not liable to Plaintiff.

E. Defendant states that to the extent that it has inadvertently violated the FDCPA or FCCPA, such violation was accidental and unintentional.

F.	Defendant states that to the extent that it has inadvertently violated the FDCPA or the FCCPA, this was caused by the actions of third-parties, to wit: the creditor.

WHEREFORE, Medicredit, Inc. respectfully requests that the Court enter judgment in its favor and against the Plaintiff, that the Plaintiff take nothing by way of his Complaint, that the Court award to Medicredit, Inc. its costs incurred in respect of this action, and that the Court enter such other or additional relief as the Court deems just and appropriate.

Dated: September 3, 2019

By: /s/ *Scott A. Richards*
Scott A. Richards, Esq.
Florida Bar Number 72657
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida  32801
Telephone:  (407) 244-8226
Facsimile:   (407) 648-9099
Email: srichards@carltonfields.com
Email: atokarz@carltonfields.com

*Attorneys for Defendant Medicredit, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I served a copy of the foregoing on those identified in the Service List below.

/s/ *Scott A. Richards*
Scott A. Richards, Esq.
Florida Bar Number 72657

## SERVICE LIST

Michael A. Nellons, *pro se*
2329 NW 14th Street
Fort Lauderdale, FL 33311
Via U.S. Mail

SL 3502918.1