**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| MICHAEL A. NELLONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-62156 |
| | ) | |
| MEDICREDIT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff Michael A. Nellons ("Nellons") has filed a Motion for Summary Judgment and Memorandum in support (the "Motion") arguing that he is entitled to judgment in his favor as a matter of law. However, Nellons' Motion appears to be a cut and paste from another case that has no application to the facts of this case. In addition, the Motion fails to assert a single fact in support of his claims (and Nellons filed no Statement of Undisputed Facts as required by the local rules) and makes no argument other than that Nellons is a "consumer" and Defendant Medicredit, Inc. ("Medicredit") is a "debt collector". The Court should deny the Motion on its face as failing to assert a single undisputed fact establishing Nellons to summary judgment. However, in the event that the Court considers the Motion, it can be substantively denied because Nellons cannot meet his burden to establish an entitlement to judgment in his favor. As set forth below, Nellons' claims for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Florida Consumer Collection Practices Act (the "FCCPA") fail as a matter of law.

Nellons' claims both rest on the faulty premise that Medicredit was required to provide validation of Nellons' debts within 5 days of his oral request for validation. Neither the FDCPA

1

nor the FCCPA impose such a requirement.  For the reasons set forth below, Nellons' claims fail as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is not a disfavored procedural shortcut, rather, it is an important procedure designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment should be rendered if "particular parts of materials in the record, including depositions, documents, . . . affidavits . . . , admissions, interrogatories, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and (c).  If the movant does not bear the ultimate burden of persuasion at trial, it must only illustrate that the other party cannot "make a sufficient showing on an essential element of her case." *Celotex*, 477 U.S. at 322-23.

The movant bears the initial burden of showing the lack of any genuine issue of material fact and its entitlement to judgment as a matter of law.  *Id.* at 325.  The burden then shifts to the non-moving party to show the existence of a disputed issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Here, Nellons cannot meet his burden to establish that he is entitled to judgment as a matter of law.

## ARGUMENT

Nellons has asserted an FDCPA and an FCCPA claim against Medicredit.  While unclear from the Motion, Medicredit understands that the factual basis for both claims is that Nellons orally requested validation of his debts, and Medicredit failed to provide Nellons with validation of his debts within five days.  Under these facts, Nellons claims that Medicredit violated section 1692g of the FDCPA and section 559.72(9) of the FCCPA.  As set forth below, neither the FDCPA nor

the FCCPA required Medicredit to provide validation of Nellons' debts within five days of his oral request that it do so. Therefore, Nellons cannot meet his burden to establish that Medicredit is liable for either of his claims and the Court should deny his Motion.

I.     **Medicredit sent Nellons the validation disclosure as required by section 1692g**.

As a threshold matter, Nellons' entire argument section focuses on his allegation that he is a "consumer" and Medicredit is a "debt collector" under the FDCPA. Neither of those elements are in dispute. However, Nellons' fails to identify the section of the FDCPA that he alleges Medicredit violated. The fact that Nellons is a "consumer" and Medicredit is a "debt collector" is without consequence unless Nellons can establish that Medicredit engaged in conduct that violates the FDCPA. On this basis alone, Nellons' Motion must be denied because he has failed to meet his burden to establish any violation by Medicredit of the FDCPA.

While the Motion contains no argument concerning any alleged violation of the FDCPA by Medicredit, Nellons' Complaint alleges that Medicredit violation section 1692g. Section 1692g of the FDCPA requires that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g. Medicredit undisputedly complied with this requirement. Affidavit of Don Wright ("Affidavit"), attached as Exhibit A to the Statement of Undisputed Facts ("SOFA"), at ⁋s 5, 9 & 13.

Medicredit's initial communication with respect to all five of Nellons' debts contained the language required by section 1692g. *See* SOF, at ⁋ 1-14; and Affidavit, ⁋5, 9 & 13. Nellons' vaguely asserts that his conversation with Medicredit on July 10, 2019 was the first communication with respect to his debts. This bald assertion is belied by Affidavit of Don Wright, and his references to the account notes, which are attached to the Affidavit. As established in the Affidavit, Medicredit sent Nellons three letters as the initial communication with respect to each of the debts. SOF, at ⁋s 6, 10 &14.

While Nellons testified in his deposition that he did not receive the First Letter, the Second Letter, or the Third Letter, section 1692g only requires that Medicredit send the letters; it does not require Medicredit to establish that they were received. 15 U.S.C. § 1692g ("a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, **send the consumer** a written notice containing…") (emphasis added). As Nellons himself admitted, the letters contained the disclosure language required by the FDCPA. Deposition of Michael A. Nellons ("Nellons Depo"), excerpts of which are attached as Exhibit B to the SOF, pg 47, line 13-16. Because Medicredit can establish that it sent letters to Nellons that complied with section 1692g at addresses he admits he lived during 2019, as its initial communication regarding each debt, Nellons cannot meet his burden to prove that Medicredit violated section 1692g of the FDCPA and Nellons' Motion must be denied.

### II.     Medicredit undertook no further collection activity once Nellons orally requested validation of his debts.

Again, Nellons' Motion does not meet the standard to entitle him to judgment as a matter of law and it should be denied on that basis.  Notwithstanding, Medicredit understands from Nellons' deposition that he is arguing that Medicredit was required to validate his debts within 5 days of his oral request for validation. Nellons Depo, pg. 50, lines 5-10; pg. 51, lines 4-25. Such a claim fails as a matter of law.

Section 1692g expressly states that:

> If the consumer notifies the debt collector **in writing within the thirty-day period** described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt** or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Nellons' FDCPA claim fails under this section for two reasons.  First, the FDCPA requires requests for validation to be made **in writing** within 30 days of the debt collector's disclosure of the validation right.  *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) ("The statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing. 15 U.S.C. § 1692g(a). Likewise, the consumer has a right to verification only if she disputes the debt in writing."); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013) ("a dispute of a debt must be in writing in order to be effective").

As explained by the Second Circuit Court of Appeals:

> Section 1692g(b) thus confers on consumers the ultimate power vis-à-vis debt collectors: the power to demand the cessation of all collection

5

> activities. It therefore makes sense to require debtor consumers to take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b).

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) (internal citations omitted).

Here, Nellons undisputedly requested validation orally two to three months after he received the validation disclosure for each of his debts. SOF, at ¶s 1-15, 19-20. Because Nellons did not request validation in writing within 30 days of each letter, he did not comply with the FDCPA so as to trigger Medicredit's obligation to validate. Therefore, and as a threshold matter, Medicredit had no obligation to provide validation of the debts at all under these circumstances.

But even if Medicredit was required to respond to an oral request for validation, the FDCPA only requires Medicredit to cease collection activity until such time as it validates the debts. 15 U.S.C. § 1692g(b); *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 374 F.3d 1011, 1014 (11th Cir. 2004), as revised (Aug. 3, 2004) ("The plain language of Section 1692g(b) mandates that a debt collector "cease collection of the debt" once verification is requested…The statute does not require [a debt collector] to take positive action…"). There is no time requirement imposed on Medicredit to respond to requests for validation. Indeed, Medicredit has no obligation to respond to such requests at all under the FDCPA. *Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1278 (S.D. Ala. 2010) ("Where a debt collector ends collection activities pursuant to § 1692g(b), the debt collector is not obligated to send a separate validation of the debt to the debtor."). Instead, Medicredit had a choice to make – either validate the debts and continue engaging in collection activity, or cease collection activity. *Purnell v. Arrow Fin. Servs., LLC,* 303 Fed.Appx. 297, 303–04 (6th Cir.2008) ("§ 1692g(b) does not require the debt collector to validate the debt at all, as long as it ceases any collection activity.... That is, the debt collector has a choice: it either may

choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume collection activities once the requested validation has been provided."). Nellons unequivocally admitted in his deposition that Medicredit took no further collection activity against him after receiving his request for validation. Nellons Depo, pg. 50, lines 11-18 and 19-23; pg. 56, lines 4-7. Therefore, even accepting Nellons' allegations in his deposition as true, any failure by Medicredit to validate his debts is not actionable under the FDCPA because the undisputed facts establish that Medicredit took no further collection action against Nellons after receiving his oral request for validation. *Id.*

For this reason, the Court should deny Nellons' Motion with respect to his FDCPA claim.

### III.    Nellons has not stated a claim for violation of the FCCPA.

To be entitled to judgment for a claim under the FCCPA, Nellons must establish that "(1) the defendant is a person within the meaning of the FCCPA, (2) the defendant collected or attempted to collect a debt from the plaintiff, and (3) the defendant committed an act or omission prohibited by the FCCPA when it collected or attempted to collect the debt." *Baumann v. Prober & Raphael*, 2017 WL 10350673, at *2 (M.D. Fla. May 17, 2017). Here, Nellons' argument focuses only on the first two elements, which are not in dispute. However, Nellons has not met his burden to prove that Medicredit committed an act prohibited by the FCCPA.

Nellons claims in his Complaint that Medicredit violated section 559.72(9) of the FCCPA. That section makes it unlawful for a debt collector to:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. Ann. § 559.72.

While not at all clear from his Motion, Nellons testified in his deposition that he believes Medicredit violated the FCCPA because it sought to collect on a debt that was not legitimate. Nellons Depo, pg. 27, lines 20-25; pg. 28, lines 1-6; pg. 54, lines 4-20.  In Nellons' view, the debt is not legitimate because Medicredit failed to provide validation of the debts within five days of his oral request for validation.  *Id.*  This assertion, even if correct, cannot form the basis for a violation of the FCCPA.

As a threshold matter, Nellons provides no case law, and undersigned counsel could locate none, establishing that Nellons' allegations constitute a violation of the FCCPA.  Nellons' apparent theory is that his debt did not exist because Medicredit did not validate it upon his request within five days.  There is no law establishing that a debt does not exist unless and until it is validated. Instead, the FDCPA expressly <u>requires</u> a debt collector to give notice to a consumer that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, <u>the debt will be assumed to be valid</u> by the debt collector." *Iyamu v. Clarfield, Okon, Salomone, & Pincus, P.L.*, 950 F. Supp. 2d 1271, 1273 (S.D. Fla. 2013) (citing 15 U.S.C. § 1692g(a)(5)).  Here, Nellons did not dispute the validity of any of his debts in writing within 30 days of receiving the letters that Medicredit provided.  Therefore, Medicredit was entitled to assume the debts were valid and proceed to collect on them.

It is also undisputable that the FCCPA is not preempted by the FDCPA "so long as the FCCPA's provisions aren't inconsistent with those of the FDCPA." *Gause v. Med. Bus. Consultants, Inc.*, 2019 WL 6716635, at *4 (M.D. Fla. Dec. 12, 2019).  Nellons is essentially arguing that Medicredit violated the FCCPA because it violated the FDCPA in failing to validate his debts.  However, as explained above, Nellons cannot establish that Medicredit violated the FDCPA.  Therefore, if Nellons were to prevail on his FCCPA, he would succeed in holding

8

Medicredit liable for conduct that is expressly permitted under the FDCPA. Such an outcome would render the requirements of the FCCPA inconsistent with those of the FDCPA. Therefore, the Court should deny Nellons' Motion with respect to his FCCPA claim.

## CONCLUSION

On its face, Nellons' Motion does not meet his burden to establish that Medicredit violated the FDCPA or the FCCPA. Nellons does not list a single undisputed fact in support of his claims, and he fails to cite to any law indicating that he is entitled to judgment on his claims. More importantly, the record in this case undisputedly establishes that Nellons cannot meet his burden to show that Medicredit violated either the FDCPA or the FCCPA. Nellons did not dispute his debts in writing within the time frame required by the FDCPA. Even if Medicredit treats Nellons untimely and oral dispute as an effective dispute, Nellons unequivocally admits that Medicredit took no further collection action against him following his oral dispute. Therefore, Medicredit unquestionably complied with all requirements of the FDCPA. In addition, because Medicredit complied with the FDCPA, Nellons cannot establish a violation of the FCCPA based on the exact same alleged conduct. Further, Nellons has cited to no law whatsoever to support the proposition that a debt collector's failure to validate a debt renders it "illegitimate" for purposes of the FCCPA, and the express language of the FDCPA unequivocally establishes that this premise is faulty. For all of these reasons, the Court should deny Nellons' Motion.

WHEREFORE, Medicredit respectfully requests that the Court deny Nellons' Motion, and for such other and further relief as is just.

Respectfully submitted this 23rd day of December, 2019.

*s/ Scott A. Richards*
Scott A. Richards
Florida Bar No. 72657
CARLTON FIELDS, P.A.
200 South Orange Avenue, Suite 1000
Orlando, FL  32801
Telephone:  (407) 244-8226
Facsimile:  (407) 648-9099
Email:  SRichards@carltonfields.com

*s/ Jamie N. Cotter*
Jamie N. Cotter
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Phone: (303) 839-3826
Fax: (303) 839-3838
jcotter@spencerfane.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading was served via the Court's CM/ECF system and via electronic and U.S Mail on Plaintiff, this 23rd day of December, 2019:

*s/ Scott A. Richards*